**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK ANTHONY GRANT,

    Petitioner,

v.                                                               CASE NO: 8:07-CV-473-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #12), which included a motion to dismiss the petition as untimely, Petitioner's reply (Dkt. #15), and Respondent's response (Dkt. #17) to this Court's Order to Show Cause. Upon review, the Court determines that the petition is time barred and must be dismissed.

## BACKGROUND

On March 19, 1996, a jury found Mark Anthony Grant (hereinafter "Petitioner" or "Grant") guilty of burglary of a dwelling, grand theft, and possession of burglary tools. He was sentenced on May 13, 1996, as an habitual felony offender to thirty years in prison on the burglary count, and ten year concurrent prison terms on the grand theft and possession of burglary tools counts. Grant appealed.

In his appeal, Grant was represented by his privately retained counsel, Ralph E. Fernandez, Esquire. At first, the appellate court reversed the conviction by opinion dated May 20, 1998. Mr. Fernandez informed Grant of the reversal by letter dated June 8, 1998. The state filed a motion for rehearing which was granted. Upon reconsideration, the appellate court affirmed the conviction and in its substituted opinion of August 21, 1998, stated in relevant part:

> Following a jury trial, Grant was convicted of burglary of a dwelling, grand theft, and possession of burglary tools. On appeal, he challenges the denial of his motion to suppress evidence seized after a stop of his vehicle, arguing that officers did not possess a reasonable suspicion of criminal activity to justify the stop. We affirm this issue for the reasons discussed in this opinion. He also raises issues regarding the sufficiency of the evidence and prosecutorial misconduct, which we find to be without merit and do not discuss.
>
> Evidence presented at the suppression hearing revealed that at 4:00 a.m., a Hillsborough County Sheriff's Office dispatcher advised Deputy Marshall Piper that a citizen had just called 911 from Sylvia Lane and reported observing a large, dark, older model four-door sedan driving up and down Sylvia Lane with its headlights off. The deputy was aware that burglaries had been reported on that same street six to twelve hours earlier. Although the deputy did not testify at the suppression hearing regarding the identity of the citizen caller, he testified that the citizen caller was aware of the burglaries. Defense counsel acknowledged that the call to 911 was made by a victim of one of the earlier burglaries.
>
> Deputy Piper testified that he responded quickly to the dispatch, arriving at Sylvia Lane approximately two to five minutes later. He described Sylvia Lane as a relatively small, residential street. Upon arriving, he saw a large, brown four-door sedan, with its lights on, turning from Sylvia Lane onto North Boulevard. The deputy observed no other traffic on those streets at that time. Deputy Piper turned his vehicle around to follow the brown sedan. He saw Grant, who was driving the brown sedan, look at him, turn away, and then look back in his mirror at the deputy. The deputy initiated a traffic stop. In Grant's vehicle, Deputy Piper observed a TV, a VCR, a camera, a big stuffed animal, and other miscellaneous items. The burglary victim arrived and identified the

property in the vehicle. The deputy arrested Grant. At the conclusion of the hearing, the trial judge denied the motion to suppress. After his convictions, Grant appealed.

A trial court's ruling on a motion to suppress is presumed correct, and a reviewing court must interpret the evidence and reasonable inferences in the light most favorable to sustaining the trial court's ruling. See Jenkins v. State, 685 So. 2d 918 (Fla. 1st DCA 1996). Here, the issue is whether the police were justified in stopping Grant's vehicle. "'The police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity "may be afoot," even if the officer lacks probable cause.'" State v. Gonzalez, 682 So. 2d 1168, 1170 (Fla. 3d DCA 1996)(quoting United States v. Sokolow, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 109 S. Court. 1581 (1989)). In determining whether an officer possesses a reasonable suspicion of criminal activity to justify an investigatory stop, the totality of the circumstances must be taken into account. See Jenkins, 685 So. 2d at 920. Factors that may be considered include: the time of day; the appearance and behavior of the suspect; the appearance and manner of operation of any vehicle involved; and anything incongruous or unusual in the situation as interpreted in light of the officer's knowledge. See Id.

We believe the facts in this case constitute an articulable, particularized basis for suspicion that Grant was or had been engaged in wrongdoing. See State v. Setzler, 667 So. 2d 343 (Fla. 1st DCA 1995). Deputy Piper received information that, at 4:00 a.m., a vehicle without headlights was traveling up and down a small street that had been burglarized just hours earlier. Because the information came from a citizen-informant, the officer was entitled to presume its reliability. See Aguilar v. State, 700 So. 2d 58 (Fla. 4th DCA 1997). Although the citizen-informant in this case did not witness the earlier burglaries, he was concerned enough about Grant's activities in light of those burglaries to call 911. At that point, Deputy Piper was assigned to investigate the citizen's complaint, and he immediately proceeded to do so. When he arrived, the only car he observed on that street matched the citizen's description. The deputy, too, was aware of the burglaries reported just hours earlier.

In two other cases with facts similar to this one, this court found a reasonable suspicion to exist, justifying an investigatory stop. In State v. Wise, 603 So. 2d 61 (Fla. 2d DCA 1992), a deputy sheriff had experienced problems with trespassers attempting to steal his dogs. While he was at work, his wife called and reported that a light blue pickup truck with dog cages in the back was in

their yard shining a spotlight. The information was later updated with the truck's direction of travel. Within minutes, another deputy stopped a dark blue pickup truck with dog cages, that was traveling in the direction and area reported. The first deputy's wife arrived and advised that the person stopped was not the person who had been at her home. Nevertheless, this court upheld the stop and a subsequent search, which revealed a concealed firearm and marijuana. The court reasoned that the wife's report of suspicious circumstances, which gave her reason to believe the truck's occupants were at least attempting to commit a misdemeanor theft of her dogs, provided the deputy with authority to investigate. See Wise, 603 So. 2d at 63. In State v. Jenkins, 566 So. 2d 926 (Fla. 2d DCA 1990), an officer stopped an individual who was riding a bicycle at 1:30 a.m. from a business section of town where there was no activity or businesses open. The officer observed the individual balancing on the handlebars a large cardboard box full of property and a plastic garbage bag "overflowing out of the box." Id. The court held that the cumulative impact of the time, the location, the suspect's appearance and behavior, his operation of the bicycle, and other unusual circumstances provided a sufficient basis for a founded suspicion of criminal activity to justify a stop of the individual. Id. at 927.

Under the totality of the circumstances in the instant case, we are unable to conclude that the deputy's stop of Grant's vehicle violated the Fourth Amendment's prohibition against unreasonable searches and seizures. U.S. Const. amend. IV.

> The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry n1 recognizes that it may be the essence of good police work to adopt an intermediate response. A brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.

Gonzalez, 682 So. 2d at 1171 (quoting Adams v. Williams, 407 U.S. 143, 145-46, 32 L. Ed. 2d 612, 92 S. Court. 1921 (1972)). Accordingly, we believe the stop of Grant was reasonable under the circumstances, and we affirm the trial court's denial of the motion to suppress. We affirm the judgments and sentences in all respects.

> n1 Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Court. 1868 (1968).

> Affirmed.

Grant v. State, 718 So. 2d 238, 239-240 (Fla. 2d DCA 1998). Grant's counsel filed a motion for rehearing, but that was denied on September 24, 1998. Mr. Fernandez wrote Grant to inform him of the affirmance of his conviction and stated further: "We don't believe we have any basis to go before the Supreme Court." (Exhibit H to Exhibit 12 of Respondents' exhibits). Grant did not receive the letter. The state appellate court did not notify Grant directly that his conviction was affirmed.

It was not until February of 2002, that Grant learned from a relative, Matricia Stubbs, that his burglary conviction was still on his record. Grant was at that time serving a life sentence in an unrelated case so that his release date would not change on his monthly gain time statements from the Department of Corrections (DOC) (which do not indicate what other shorter sentences or cases he is serving).

Matricia Stubbs had discovered the information by reviewing the DOC records on the internet. The DOC confirmed their records and advised Ms. Stubbs to contact the Clerk of the state circuit court. The Clerk's office also confirmed that Grant's burglary case had been affirmed. Ms. Stubbs then contacted Mr. Fernandez and he for the first time realized that Grant had never learned of the affirmance of his burglary conviction.

Petitioner has obtained a copy of the institutional mail log for the period of May 22, 1998, through December 21, 1998, showing that the letter from Mr. Fernandez dated

September 30, 1998, was never received. (Exhibit 12 I of Respondents' exhibits). With this support, Grant hired a new attorney (Mr. Moxin) and, on November 19, 2002, filed a petition to file a belated writ of certiorari with the Florida Supreme Court. On September 25, 2005, the Florida Supreme Court dismissed the petition as untimely, stating in relevant part:

> The petition for writ of habeas corpus has been treated as a notice to invoke discretionary jurisdiction, and it appearing to the Court that the notice was not timely filed, it is ordered that the cause is hereby dismissed on the Court's own motion, subject to reinstatement if timeliness is established on proper motion filed within fifteen (15) days from the date of this order. See Fla. R. App. P. 9.120.

Grant v. State, 923 So. 2d 1162 (Fla. 2005). Grant submitted a motion for reinstatement, but that motion was denied on January 26, 2006. Grant v. State, 2006 Fla. Lexis 154 (Fla. 2006). Although the Florida Supreme Court was silent as to its reason, it appears from the language of the previous order that it concluded that Grant had not sufficiently demonstrated timeliness.

On March 9, 2006, Grant filed an untimely motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. While this motion was pending, Grant filed his first petition for writ of habeas corpus with this Court on March 29, 2006, in case number 8:06-cv-538-T-30MAP. On April 24, 2006, this Court dismissed the petition without prejudice to allow Grant to exhaust his state court remedies. On June 20, 2006, the state post-conviction court summarily denied Grant's 3.850 motion as untimely. Grant appealed. On February 28, 2007, the appellate court affirmed the post-conviction court's order of dismissal without written decision. Grant v. State, 950 So. 2d 1243 (Fla. 2d DCA 2007)

[table].  The mandate issued March 21, 2007.

On March 14, 2007, Grant filed the instant petition with this Court asserting the following four grounds:

**Ground One:** Ineffective assistance of appellate counsel for affirmatively misleading Petitioner as to the final adverse decision on direct appeal thereby thwarting his ability to seek discretionary review in the state supreme court.

**Ground Two:** Unconstitutional stop, search and seizure under the Fourth Amendment of the U. S. Constitution.

**Ground Three:** Ineffective assistance of trial counsel in failing to argue the Petitioner lacked exclusive possession of burglary tools or stolen goods in moving for judgment for acquittal, closing argument, motion for new trial or to preserve it for appeal.

**Ground Four:** Ineffective assistance of trial counsel regarding irrelevant testimony from state's witness (victim) of unrelated jewelry found with stolen property, but not shown to be stolen, and of jewelry stolen from victim but not shown to be found.

## STANDARD OF REVIEW

A. **Timeliness**

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. AEDPA established a one year statute of limitations for federal habeas corpus actions to be filed in this Court. 28 U.S.C. §2244(d)(1). The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). As to the instant petition, the limitation period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A); Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002).

The one year limitations period is tolled during the time in which a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . .." 28 U.S.C. §2244(d)(2). To have a tolling effect, a post-conviction motion must be both pending and properly filed. A federal district court must look to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." Wade v. Battle, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

B. **AEDPA Review**

If a petition is deemed timely filed in this Court, AEDPA places certain restrictions on this Court's habeas review. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a

decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

C. **Ineffective Assistance of Counsel Claims**

Grant asserts ineffective assistance of counsel in three out of his four claims. To establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Strickland, 466 U.S. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Both prongs (deficient performance and prejudice) must be shown before a petitioner is entitled to habeas relief. The Eleventh Circuit has held that when applying Strickland, a federal district court may dispose of ineffectiveness claims on either of the two prongs without the necessity of discussing the other. Oats v. Singletary, 141 F.3d 1018 (11th Cir. 1998).

# DISCUSSION

A. **Timeliness**

Pursuant to AEDPA, Grant had one year from the date on which his judgment became final by the conclusion of direct review within which to file his petition in this Court. 28 U.S.C. §2244(d)(1)(A). Since Grant had ninety days after his appeal was denied by the state appellate court within which to seek certiorari review in the United States Supreme Court, his one year period began to run ninety days after the denial of the motion for rehearing of the substituted appellate opinion. That denial was on September 24, 1998. Therefore, Grant had until December 23, 1999, within which to file his federal petition.

Grant did not file his first petition with this Court until March 29, 2006, more than six years after the expiration of his one year period. There was no properly filed motion for collateral relief pending during that one year period to toll its running. A motion filed in state court after the one year period expires "cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). And, his counsel's asserted negligence "is not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336 (2007). While Grant's claim that his counsel thwarted his ability to seek discretionary review with the Florida Supreme Court is not in a "postconviction context," he, like the petitioner in Lawrence, had no constitutional right to counsel after the end of his direct appeal. Pennsylvania v. Finley, 481 U.S. 551 (1990).

Even if this Court were to apply equitable tolling until Grant learned of the denial of his appeal, that would be of no real benefit. Grant discovered the denial in February of 2002. If the one year period were started then, it would expire in February of 2003, still three years before he first filed in this Court.

Since the Court concludes that Grant's petition is time barred, the petition will be dismissed. Had the petition been timely, and the Court reached the merits of the petition, it would have been denied.

B. **Merits**

This Court will briefly address the merits of Grant's claims by way of explanation to him why his petition would have failed even if this Court had been allowed to reach the merits.

**Ground One:** Ineffective assistance of appellate counsel for affirmatively misleading Petitioner as to the final adverse decision on direct appeal thereby thwarting his ability to seek discretionary review in the state supreme court.

Initially, this Court considered ground one to be well taken. The law of Florida as enunciated in Brigham v. State, 769 So.2d 1100 (Fla. 1st DCA 2000) seemed to entitle one to a belated appeal when one receives a copy of an order of denial after the time for taking an appeal has expired. After reviewing Brigham, this Court ordered Respondents to show cause why the instant petition for habeas relief should not be granted.

In response, Respondents raised several arguments, chief among them being that Brigham concerned an appeal of right, not a discretionary review like the stage Grant was

in when his time for filing was missed. Respondents, citing Finley, supra, pointed out that Grant couched ground one in terms of ineffective assistance of counsel at a stage when he had no federal constitutional right to counsel. Respondents' argument is correct and this ground fails for this reason.

Another reason ground one fails is that the state court's denial of a belated appeal is a state law issue, not one of federal constitutional dimensions. The federal constitution does not require a state to provide any appeal at all. Whether an appeal should be allowed and on what conditions, are matters for each state to determine for itself. McKane v. Durston, 153 U.S. 684 (1894).

Since the state courts did not unreasonably apply federal constitutional law, ground one would have been denied.

**Ground Two:** Unconstitutional stop, search and seizure under the Fourth Amendment of the U. S. Constitution.

Ground two takes issue with the officer's stop and search of Grant's vehicle on Fourth Amendment grounds. Federal courts are precluded from conducting habeas review of Fourth Amendment claims where state courts have provided an opportunity for those claims to be litigated there. Stone v. Powell, 428 U.S. 465 (1976). Here, the Fourth Amendment claims were litigated by the trial court in the motion to suppress and by the state appellate court on appeal. Since Grant had a full and fair opportunity to litigate these claims in state court, this ground is not cognizable here.

**Ground Three:** Ineffective assistance of trial counsel in failing to argue the Petitioner lacked exclusive possession of burglary tools or stolen goods in moving for judgment for acquittal, closing argument, motion for new trial or to preserve it for appeal.

**Ground Four:** Ineffective assistance of trial counsel regarding irrelevant testimony from state's witness (victim) of unrelated jewelry found with stolen property, but not shown to be stolen, and of jewelry stolen from victim but not shown to be found.

Neither ground three nor ground four were raised in the state courts. In order to raise them here, Grant would have had to argue these ineffective assistance of counsel claims in a properly filed Rule 3.850 motion with the state postconviction court. When he tried to do so, the state court dismissed the motion as untimely. The dismissal was affirmed on appeal.

Grant has not shown any valid cause to excuse his default of these claims. Therefore, these claims are procedurally barred. They cannot now be raised in state court because of the two year limitation on Rule 3.850 motions in Florida. Whiddon v. Dugger, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990).

Since these grounds are procedurally barred, they would have been denied had this Court reached the merits of the petition.

## CONCLUSION

Having determined that the petition is time barred, it is hereby

ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 15, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-473.deny 2254.wpd*